## City of Danville v. W. H. Schultz.

1.  DAMAGES—*By Changing the Grade of a Street.*—In case of injury by changing the grade of a street the question of damage is largely a matter of opinion, and where the jury are sent to view the premises they are from such view in a superior position to properly determine whether there has been any damage, and if so, what is the extent of it.

2.  APPELLATE COURT PRACTICE—*All Instructions Given and Refused Should Appear in the Abstract.*—Where the instructions complained of are the only ones appearing in the abstract, the Appellate Court will presume that the error, if any, was cured by other instructions given in the same case.

**Action for Damages,** occasioned by changing the grade of a street. Appeal from the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the May term, 1901. Affirmed. Opinion filed December 10, 1901.

J. H. LEWMAN, attorney for appellant.

GEO. G. MABIN and S. M. CLARK, attorneys for appellee.

MR. PRESIDING JUSTICE HARKER delivered the opinion of the court.

Appellee is the owner of lots 36, 37 and 38 of Stubbe and Schultz' Oak Park subdivision in the city of Danville, which lots front north on Main street. On lot 36 is a frame store house, on lot 37 is appellee's residence, and on lot 38 is his barn. In 1898 the city graded Main street in front of these lots from three to four feet in depth, destroying the means of egress and ingress by wagon or buggy, which appellee had before then enjoyed from the street to the store and his barn. To recover damages for the injury thereby occasioned to his property he brought suit and recovered a judgment against the city for $300.

While it is urged that the court erred in the admission and exclusion of evidence, and also in refusing certain instructions to the jury asked by the city, it is chiefly contended that the verdict is against the evidence and that the damages allowed by the jury are excessive.

In cases of this kind the question of damages is largely a matter of opinion, and it occasions no surprise to ascertain from the record that in the opinion of quite a number of witnesses the property is not damaged at all by the street improvement, while in the opinion of others the damages are variously estimated at from $250 to $700. The jury were sent to view the premises, and from their view they were in a superior position to properly estimate whether there was damage, and its extent, than they would have been had they been confined to the conflicting testimony of the witnesses. Under such circumstances this court does not feel justified in saying the jury improperly estimated the damages. There was no prejudicial error committed by the court in ruling upon the admissibility of evidence.

As to the alleged error of the court in refusing certain instructions asked by appellant it is sufficient to say that the refused instructions are the only ones appearing in the abstract. If a party desires to have the action of a trial court in refusing instructions reviewed he should have all the given instructions appear in his abstract so that this court may be able to determine whether the principles contained in the refused instructions are not contained in others that were given. Judgment affirmed.