E. H. Bindley & Company, Appellees, v. William T. Watson, Appellant.

1. EVIDENCE—*what not part of res gestae.* Self-serving declarations not part of the *res gestae* are properly excluded.

2. INSTRUCTIONS—*when errors presumed cured.* If all given instructions do not appear in the abstract, it will be presumed that any errors appearing in those complained of were cured by the other instructions given.

*Assumpsit.* Appeal from the Circuit Court of Edgar county; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the May term, 1909. Affirmed. Opinion filed October 25, 1909.

VAN SELLAR & VAN SELLAR, for appellant.

H. S. TANNER and STEWART W. KINCAID, for appellees.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

Appellees, who were wholesale drug dealers, recovered a judgment in *assumpsit* against the appellant, in the sum of $381.93, for goods, wares and merchandise sold and delivered. The undisputed facts involved are substantially as follows: Prior to March 14, 1908, one Lyons purchased a drugstore in Chrisman and gave his notes in payment therefor, his father-in-law, appellant, signing the same as surety. On March 14, 1908, he made a bill of sale to appellant. No possession was taken under the bill of sale by appellant until April 11th, thereafter, at which time he went into actual possession of the store, and employed Lyons to manage the same.

The merchandise for which this suit was brought, with the exception of one item, was purchased and delivered after the execution of the bill of sale and prior to April 11th, was charged to Lyons, and became a part of the stock of goods in question. Appellant continued to conduct the business until the following May, at which time he turned over the stock of goods to Lyons, who shortly thereafter was adjudged a bankrupt, and the property was then sold under an order of the bankruptcy court. Appellant then tendered to appellees payment for the goods ordered after April 11th, but appellees refused to accept the same, and instituted the present suit.

It is contended by appellant that the bill of sale was executed by Lyons to him to secure him against liability as surety upon the notes referred to; that said instrument was in effect only a chattel mortgage; that no credit was extended to Lyons on account of appellant, and that he cannot therefore be held responsible for any indebtedness so contracted.

Appellees' contention is that upon the execution of the bill of sale to appellant, he became the real owner of the stock of goods, and thereafter conducted the business, and therefore became liable as an undisclosed principal, for the goods purchased thereafter, although

the credit was extended and the goods charged to Lyons.

To establish their case appellees, in addition to the bill of sale, introduced the evidence of Norman Bindley, a member of their firm, who testified that in May, 1908, appellant stated to him that he had become tired of advancing money to Lyons and had told him early in January of that year to make out a bill of sale and transfer the store to him, appellant. The contention of appellant is that the bill of sale was given merely to secure him against liability as surety upon Lyons' notes and that the assumption of possession by him was equivalent to a foreclosure, and did not relate back to the date of the bill of sale. Whether appellant was the real owner of the store at the time the goods were sold, and whether the bill of sale was intended as an absolute transfer or merely as security, were issues of fact for the determination of the jury. The evidence relative thereto was close and conflicting. We cannot say that their findings were so manifestly against the evidence as to warrant disturbing the same.

Such part of the conversation between Norman Bindley and appellant as was permitted to remain in evidence was competent as an admission, and the court did not err in its rulings relative thereto. The evidence of Prunty as to what Lyons said at the time the bill of sale was acknowledged was incompetent, being in the nature of a self-serving declaration and not a part of the *res gestae*.

Inasmuch as all of the given instructions offered do not appear in the abstract, we will refrain from considering whether the court erred in its rulings thereon. It will be presumed that any error was cured by other instructions given. City of Danville v. Schultz, 99 Ill. App. 287.

There is no prejudicial error in the record and the judgment is affirmed.

*Affirmed.*